UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:                                                                                           CASE NO. 14-10226

PATRICK DINO GAUTREAUX                                             CHAPTER 13

DEBTOR                                                                                    SECTION "B"

## REASONS FOR ORDER

This matter came before the court on the Motion to Determine Applicability of Automatic Stay (P-31) filed by Community Associates, Inc., and the opposition(P-35) filed by the debtor. For the reasons set forth below, the court finds that Community Associates may continue its suit in state court to reduce its deficiency to a fixed amount, but it may not seek to enforce any judgment it may obtain against the debtor or against property of the estate.

Patrick Gautreaux, the debtor in this case, was the co-owner of a piece of investment property that was sold at a foreclosure sale for less than the amount of the mortgage he and his wife, a non-debtor co-obligor, owed to Community Associates. Community Associates then brought an action against both of the Gautreauxs in state court seeking a deficiency judgment.

The debtor first filed a Chapter 13 petition for relief under the Bankruptcy Code on September 15, 2013. That case was dismissed on December 18, 2013. The debtor filed a second Chapter 13 petition on February 5, 2014. On February 7, 2014, when the automatic stay from the second case was in effect, Community Associates appeared in

1

state court for a hearing on its motion for summary judgment. The Gautreaxs did not appear at that hearing and the state court granted the motion and ordered counsel for Community Associates to submit a judgment. Counsel for Community Associates has stated that he did not receive the notice of the filing of the second bankruptcy case until after the February 7, 2014 hearing, but that once he received notice, he notified the state court of the bankruptcy filing and the automatic stay and did not submit the judgment to the state court.

Because this is the debtor's second bankruptcy filing within a one year period, section 362(c)(3)(A) of the Bankruptcy Code is in effect. That section states:

> (3) if a single or joint case is filed by or against a debtor who is an individual in a case under chapter 7, 11, or 13, and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, other than a case refiled under a chapter other than chapter 7 after dismissal under section 707(b)–
>
> > (A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt or with respect to any lease shall terminate with respect to the debtor on the 30th day after the filing of the later case;

Although other provisions of § 362 allow a debtor in a second bankruptcy case to seek an extension of the automatic stay beyond the 30 day period set forth in § 362(c)(3)(A), this debtor did not seek to extend the stay. At the end of the 30 day period, Community Associates filed the instant motion because it wishes to continue its action for a deficiency against the Gautreauxs in state court and to collect on that judgment if and when it is obtained.

The debtor objects to this, arguing that although § 362(c)(3)(A) lifts the stay as to the debtor, it does not lift the stay with respect to property of the estate, so Community Associates cannot proceed to collect from property of the estate once it has a judgment, but instead must be paid through the debtor's Chapter 13 plan if it is confirmed. Community Associates takes the position, however, that the stay is lifted not only as to the debtor, but as to property of the estate as well. This issue has been considered by many courts, with the majority of the courts finding that § 362(c)(3)(A) lifts the stay only for actions against the debtor or property of the debtor that is not property of the estate, and not for actions against property of the estate.[1] This court will adopt that position and holds that Community Associates can proceed in state court against the debtor insofar as it may seek to obtain a judgment against the debtor. Community Associates may not, however, take any action to collect on any judgment it may receive from the state court from any property of the estate without further order of this court.[2]

---

[1] *In re Holcomb,* 380 B.R. 813 (B.A.P. 10th Cir. 2008); *In re Jumpp* 356 B.R. 789 (B.A.P. 1st Cir. 2006); *In re Scott-Hood*, 473 B.R. 133 (Bankr. W.D. Tex. 2012); *In re Alvarez*, 432 B.R. 839 (Bankr. S.D. Cal. 2010); *In re Williams,* 346 B.R. 361 (Bankr. E.D. Pa. 2006); *In re Jones*, 339 B.R. 360 (Bankr. E.D.N.C. 2006); *In re Johnson*, 335 B.R. 805 (Bankr. W.D. Tenn. 2006); 3 Collier on Bankruptcy ¶ 362.06[3][a] (Alan N. Resnick & Henry J. Sommers eds., 16th ed.).

[2] The court notes that if this had been an ordinary lift stay motion, the court would have allowed Community Associates to proceed in state court to reduce the deficiency to a judgment, but then it would have had to come before this court to collect on the judgment. In fact, Community Associates need not have filed this motion to proceed to obtain its judgment in state court, because the stay was lifted by operation of § 362(c)(3)(A). Once an actual judgment is obtained, Community Associates may then file whatever motion it likes, but at this point all of the arguments about whether and how Community Associates can collect on that judgment are premature.

Community Associates also asks the court to hold that the future earnings of the debtor's wife, who is not a debtor in this case, are not property of the estate so that Community Associates may commence garnishment proceedings against her in the event that it obtains the judgment sought in state court. Because Community Associates has not yet obtained a judgment, the court finds that this questions is premature and need not be decided at this juncture. If and when Community Associates obtains its judgment and seeks to execute on it, the court will, if necessary, decide that issue at that time.

New Orleans, Louisiana, September 16, 2014.

Jerry A. Brown
U.S. Bankruptcy Judge